UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES EDWARD JONES,<br><br>                    Plaintiff,<br><br>    v.<br><br>CITY OF YAKIMA POLICE<br>DEPARTMENT, et al.,<br><br>                    Defendants. | NO:  12-CV-3005-TOR<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment

(ECF No. 50).  This matter was heard without oral argument.  The Court has

reviewed the motion, the response, and the record and files herein and is fully

informed.  For the reasons discussed below, the motion will be granted.

BACKGROUND

Plaintiff has sued the City of Yakima Police Department and three of its

officers for deprivation of rights under color of law in violation of 42 U.S.C. §

1983, and for defamation, official misconduct, and negligence under Washington

ORDER GRANTING SUMMARY JUDGMENT ~ 1

common law.  Defendants now move for summary judgment on each of Plaintiff's claims.

FACTS

On September 6, 2011, the City of Yakima Police Department ("Yakima PD") received a report that Plaintiff James Jones ("Jones") had raped a female victim and was holding her against her will in a Chevrolet Tahoe parked at a local convenience store.  Yakima PD Officers Cali Saldana and Craig Miller responded to the call.  Upon locating the vehicle, the officers made contact with the driver, Jones, and his female passenger.  The female passenger was visibly upset and showed outward signs of having been recently assaulted.  When questioned by Officer Saldana, the female passenger stated that Jones had sexually assaulted her and held her against her will in the basement of his home for approximately five hours.  Jones was subsequently arrested.

Upon returning to department headquarters, Officer Saldana prepared a document known as a "Suspect Information Request."  This document included a "Request for a Determination of Probable Cause and Findings," which explained the results of Officer Saldana's preliminary investigation and recommended charges of first-degree rape and unlawful imprisonment.  ECF No. 19 at 11. Officer Saldana also recommended that Jones receive high bail or no bail due to

his status as a registered sex offender and his prior convictions for second-degree rape and unlawful imprisonment.  ECF No. 19 at 10.

On September 7, 2011, Yakima PD Detective Chad Janis was assigned to further investigate the charges against Jones.  On September 8, 2011, Detective Janis applied for a warrant to search Jones's residence and to obtain a DNA sample.  This application included a nine-page affidavit in support of probable cause which summarized the results of his investigation to date.  ECF No. 23 at 6-14.  A Yakima County Superior Court judge granted the warrant later the same day.  ECF No. 23 at 16-17.  Officers executed the warrant on September 9, 2011.  ECF No. 23 at 19.  Jones was ultimately charged with first-degree rape.

On December 26, 2011, Jones filed a complaint in Yakima County Superior Court against Defendants City of Yakima Police Department, Chief of Police Greg Copeland, Officer Cali Saldana, and Detective Chad Janis.  Jones's complaint asserted causes of action under 42 U.S.C. § 1983 and for "Libel and Slander," and "Official Misconduct and Negligence" under state law.  ECF No. 1 at ¶¶ 15-53.  In essence, the basis for Jones's state law claims is that Officer Saldana and Detective Janis were negligent in performing their investigation and that Officer Saldana's "Suspect Information Request" and Detective Janis's search warrant application both contain defamatory statements.  Defendants subsequently moved for summary judgment on each of these claims on July 20, 2012.

ORDER GRANTING SUMMARY JUDGMENT ~ 3

SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute over any such fact is "genuine" only where there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party. *Id.* at 248. When ruling on a summary judgment motion, a court construes the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 327, 378 (2007).

DISCUSSION

Construing the evidence in the light most favorable to Plaintiff, the Court finds that there are no genuine issues of material fact which would preclude an award of summary judgment in Defendants' favor. With regard to Plaintiff's constitutional claims under § 1983, there is no evidence that the officers (1) discriminated against Plaintiff based upon his membership in a protected class; (2)

ORDER GRANTING SUMMARY JUDGMENT ~ 4

deprived him of a protected liberty or property interest without due process; or (3) engaged in behavior which shocks the conscience. To the contrary, the record reflects that the officers conducted the arrest and investigation in a thoroughly professional and lawful manner.

Even if Plaintiff's factual allegations are taken at face value, they do not give rise to any Fourteenth Amendment violation. First, assuming *arguendo* that the officers questioned Plaintiff without issuing a *Miranda* warning, such conduct, standing alone, is not actionable under § 1983. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). Second, there is no authority for Plaintiff's assertion that the Fourteenth Amendment required Officer Saldana "to obtain a 'Determination of Probable Cause signed by a Judge'" before proceeding with her investigation. *See* ECF No. 62 at 9. Third, the fact that Detective Janis took a DNA sample from Plaintiff and searched Plaintiff's residence pursuant to a search warrant "before [Plaintiff] was officially charged with a crime by the State," does not give rise to a Fourteenth Amendment due process violation. Finally, the fact that Detective Janis sent Plaintiff's DNA sample, along with a sexual assault examination kit obtained from the victim, to the Washington State Patrol crime lab for testing does not amount to a due process violation. Accordingly, Defendants are entitled to

ORDER GRANTING SUMMARY JUDGMENT ~ 5

summary judgment on Plaintiff's equal protection, procedural due process and substantive due process claims.[1]

      With regard to Plaintiff's state law claims, there is simply no evidence that the officers (1) negligently published false statements about Plaintiff; (2) engaged in "official misconduct" within the meaning of RCW 9A.80.010;[2] or (3) breached a duty to Plaintiff to conduct a reasonable investigation.  Here again, the record indicates that the officers who investigated Plaintiff acted appropriately at all times.  Although Plaintiff may dislike the results of the investigation and the content of the official police reports, he has not presented any evidence that they were the product of unlawful behavior.  Accordingly, Defendants are entitled to

---

[1] In light of the Court's ruling that no constitutional violations occurred, Defendants Greg Copeland, Cali Saldana and Chad Janis are also entitled to qualified immunity.  *See Rosenbaum v. Washoe Cnty*, 663 F.3d 1071, 1080 (9t Cir. 2011) (declining to reach issue of qualified immunity where no constitutional violation was found to exist).

[2] RCW 9A.80.010 criminalizes certain acts of "official misconduct" committed by a public servant.  It does not create a private right of action in favor of a private citizen against a public servant.

ORDER GRANTING SUMMARY JUDGMENT ~ 6

summary judgment on Plaintiff's claims for libel and slander, official misconduct

and negligent investigation.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion for Summary Judgment (ECF. No. 50) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order, enter

judgment in favor of all Defendants, provide copies to counsel and Plaintiff, and

**CLOSE** the file.

**DATED** this 10th day of September, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING SUMMARY JUDGMENT ~ 7